**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| TRAVON DORNAY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00047-SRW |
| | ) | |
| BRANDON L. WESTERN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Travon Johnson brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00.  *See* 28 U.S.C. § 1915(b)(1).  As Plaintiff is now proceeding *in forma pauperis*, the Court must review his Complaint under 28 U.S.C. § 1915.  Based on such review, the Court will dismiss the case for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Due to this dismissal, Plaintiff's pending motion for appointment of counsel will be denied as moot.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, Prisoner-Plaintiff states that he is not employed, has no income, and has received no money in the past twelve months. ECF No. 2. On April 10, 2026, the Court received a slip of paper from Plaintiff stating that he has not be given his "six month account balance sheet" from the Missouri Department of Corrections' business office. ECF No. 5. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay this initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff, a convicted state prisoner housed at the Southeast Correctional Center (SECC) in Charleston, Missouri, brings this 42 U.S.C. § 1983 action against a SECC employee, Brandon Western, in both his individual and official capacities. ECF No. 1 at 1-2. The allegations of the Complaint, in Plaintiff's own words, are as follows:

> Papers where insinuated to have been taken from my foot locker without a clear chain of custody being presented to prove this. The papers where "supposedly" field tested positive for synthetics, which is false. I requested for the papers to be sent to highway patrol for proper testing which was to no avail. I was housed in the hole for 3 months experiencing harsh condition, mental instability, discomfort, body aches, isolation and mistreatment which took a toll on my mental. This occurred 6/24/2025 at the Southeast Correctional Center[.]  Brandon L. Western

was the sergeant whom obtained these papers during the cell search and labeled them synthetics.  DOC failed to properly investigate.

*Id.* at 4.  Plaintiff left the "Injuries" section of the form complaint blank.  *Id.*

For relief, Plaintiff seeks "compensation for the false imprisonment that caused [him] to be isolated from [his] family, miss birthday, and suffer mentally" and based on the "false accusations and defamation of character."  *Id.* at 5.

Plaintiff attached institutional grievance filings as exhibits to the Complaint.[1]  *Id.* at 7-10. According to these exhibits, Plaintiff received a conduct violation on June 24, 2025, for "Possession and/or Use of a Controlled and/or Intoxicating Substance."  *Id.* at 7.  Plaintiff filed a grievance about the violation, alleging that he did not possess a controlled substance, that the positive field test was incorrect, and that the substance should be retested at a lab.  *Id.* at 8.  His grievance and appeal were denied.  *Id.* at 7 & 9.

### Discussion

After careful review and liberal construction of the Complaint, this matter will be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As explained below, Plaintiff's Complaint fails to state a violation of a constitutional right and based on his alleged injuries, he is barred from recovery of compensatory damages.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

alleged deprivation of that right was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, Plaintiff alleges that he received a false conduct violation that resulted in three (3) months in the "hole."  ECF No. 1 at 4.  Taking his allegations as true—that the substance falsely tested positive and he should not have received the time in segregation—a false conduct violation is not actionable under § 1983.  *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam); *see also Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974) (stating that "the role of the district court is not to afford a de novo review of the disciplinary board's factual findings" or it "would assume the task of retrying all prison disciplinary disputes"); *Mueller v. Norman*, 2011 WL 1330816, at *2 (E.D. Mo. Apr. 7, 2011) (stating that an allegation regarding a disputed conduct violation does not articulate a constitutional or federal statutory violation).  Furthermore, allegations of discomfort or inconvenience do not rise to the level of a constitutional violation.  *See Morris v. Zefferi,* 601 F.3d 805, 809-10 (8th Cir. 2010); *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995).  As such, Plaintiff fails to provide evidence of a violation of a right secured by the Constitution or laws of the United States and therefore, fails to state a § 1983 claim.

In addition, Plaintiff's Complaint fails to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages.  The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury.").  Plaintiff here alleges the time in segregation took "a toll on [him] mental[ly]" when he experienced isolation, discomfort, and mental instability.  ECF No. 1 at 4.  He seeks compensatory damages

for relief. *Id.* at 5. However, he claims no physical injury arising out of the alleged violations. As a result, the PLRA bars recovery in this action.

For these reasons, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against Defendant Brandon L. Western are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of July, 2026.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

- 6 -